IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Julia Carbajal Alfaro and<br>Anahi Ramirez Cerros,<br><br>      Plaintiff,<br><br>v.<br><br>and<br><br>EDGEWATER TACOS LLC,<br>Patricia M. Guerrero, and<br>Joseph E. Guerrero,<br>      Defendants. | Case No. 1:22-cv-2063<br><br>PLAINTIFF DEMANDS<br>TRIAL BY JURY |

## COMPLAINT

Plaintiffs, Julia Carbajal Alfaro ("Plaintiff" for Counts I and II) and Anahi Ramirez Cerros ("Plaintiff" for Counts III and IV) by and through their attorneys, Daniel I. Schlade and James M. Dore, complain against EDGEWATER TACOS LLC ("Defendant" or "TACOS"), Patricia M. Guerrero ("Defendant" or "PATRICIA"), and Joseph E. Guerrero ("Defendant" or "JOSEPH"). TACOS, PATRICIA, and JOSEPH may collectively be referred to as "Defendants". In support of this Complaint, Plaintiffs state:

### Introduction

1. This action seeks redress for Defendants' willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), as well as any related state law claims, for Defendants' failure to pay overtime wages owed.

### Parties

2. Plaintiff Julia Carbajal Alfaro is a resident of Chicago, Illinois, and Plaintiff Anahi Ramirez Cerros is a resident of Chicago, Illinois; and both Plaintifss were employed by TACOS, PATRICIA, and JOSEPH.

3. TACOS is a business that is located, headquartered, and conducts business in Chicago, Illinois.

4. PATRICIA is the owner and Manager Of TACOS, and they are in charge of its employees. On information and belief, PATRICIA is a resident of Chicago, Illinois.

5. JOSEPH is the owner and Manager of TACOS, and they are in charge of its employees. On information and belief, JOSEPH is a resident of Chicago, Illinois.

6. Defendants are "an enterprise engaged in commerce or in the production of goods for commerce" under 29 USC § 203(s)(1)(A)(i) and (ii) because they have annual gross volume of sales made or business done of at least $500,000; and because they are engaged in interstate commerce or in the production of goods for interstate commerce. Additionally, they have more than three employees.

## Jurisdiction And Venue

7. The Court possesses subject matter jurisdiction over the FLSA claim(s) pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question), and 28 U.S.C. §1337; and supplemental jurisdiction over any related state law claim(s) pursuant to 28 U.S.C. § 1367.

8. Venue is proper in the NORTHERN District of Illinois because all underlying facts and transactions occurred in or about Chicago, Illinois.

## Facts Common To All Claims

9. TACOS is an "employer" as that term is defined in Section 203 of the FLSA, because it is a privately owned for-profit entity that is engaged in the business of food service.

10. PATRICIAand JOSEPH are "employer[s]" as that term is defined in Section 203 of the FLSA, because: (1) they were Plaintiff's head "bosses" at TACOS; (2) they had the power to hire and fire the employees, including Plaintiffs; (3) they supervised and controlled Plaintiff's work

schedules and conditions of employment; (4) they determined the rate and method of payment for employees; and (5) they maintained employment records.

## COUNT I: VIOLATION OF THE FLSA
**(Julia Carbajal Alfaro v. Defendants)**

11. Plaintiff reincorporates by reference Paragraphs 1 through 10, as if set forth in full herein for Paragraph 11.

12. Plaintiff began working at TACOS in or before July 2021 until on or about December 30, 2021.

13. At all times, Plaintiff held the same position at TACOS, they were a general helper assistant. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was employed by Defendants to perform general work and food service, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

14. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 54 hours per week.

15. Plaintiff was paid their wages on a(n) hourly basis.

16. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

17. Plaintiff's rate of pay was $17 per hour.

18. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

19. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

20.     On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

21.     Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $2,737.00 in unpaid overtime wages; (ii) liquidated damages of $2,737.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit A.

   WHEREFORE, Plaintiff Julia Carbajal Alfaro respectfully requests that the Court enter a judgment in their favor and against Defendants TACOS, PATRICIA, and JOSEPH jointly and severally, for:

A.     The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $2,737.00;

B.     An award liquidated damages in an amount equal to at least $2,737.00;

C.     A declaration that Defendants violated the FLSA;

D.     An award reasonable attorneys' fees and costs; and

E.     Any such additional or alternative relief as this Court deems just and proper.

### COUNT II: VIOLATION OF IMWL
**(Julia Carbajal Alfaro v. Defendants)**

22.     Plaintiff incorporates by reference Paragraphs 1-21, as if set forth in full herein for Paragraph 22.

23.     This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

24. Defendant's failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

25. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

26. The amount of unpaid overtime wages owed to Plaintiff is $2,737.00.

**WHEREFORE**, Plaintiff Julia Carbajal Alfaro respectfully requests that the Court enter a judgment in their favor and against Defendants TACOS , PATRICIA, and JOSEPH jointly and severally, for:

A.  The amount of wages worked by Plaintiff for which he was not paid overtime wages, totaling at least $2,737.00;

B.  Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C.  Declare that Defendants have violated the IMWL;

D.  Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E.  Grant such additional or alternative relief as this honorable court deems just and proper.

<u>**COUNT III: VIOLATION OF THE FLSA**</u>
(Anahi Ramirez Cerros **v. Defendants**)

27. Plaintiff reincorporates by reference Paragraphs 1 through 10, as if set forth in full herein for Paragraph 27.

28. Plaintiff began working at TACOS in or before September 2019 until on or about November 25, 2021.

29. At all times, Plaintiff held the same position at TACOS, they were a server. Plaintiff was an "employee" of Defendants as that term is used in Section 203 of the FLSA because he was

employed by Defendants to perform food service, and they do not fall into any of the exceptions or exemptions for workers under the FLSA.

30. Although schedules are subject to change, Plaintiff's general schedule with Defendants required Plaintiff to work on average 66 hours per week.

31. Plaintiff was paid their wages on a(n) hourly basis.

32. Plaintiff's wages were not based on the number of jobs performed or completed, nor was it based on the quality or efficiency of their performance.

33. Plaintiff's rate of pay was $14 per hour.

34. Throughout the course of Plaintiff's employment with Defendants, Defendants regularly scheduled and directed Plaintiff to work in excess of forty (40) hours per week.

35. Defendants did not pay Plaintiff not less than one and a half (1.5) times the regular rate at which he was employed during the hours worked in excess of forty (40) hours per week.

36. On information and belief, Defendants have failed to keep proper time records tracking Plaintiffs' time worked; and Defendants' failure and refusal to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA.

37. Plaintiff is entitled to recover unpaid overtime wages and liquidated damages for up to three (3) years prior to the filing of this lawsuit. On information and belief, this amount includes: (i) $16,744.00 in unpaid overtime wages; (ii) liquidated damages of $16,744.00; and (iii) Plaintiff's attorney's fees and costs, to be determined. A calculation of Plaintiff's damages are attached as Exhibit B.

WHEREFORE, Plaintiff Anahi Ramirez Cerros respectfully requests that the Court enter a judgment in their favor and against Defendants TACOS, PATRICIA, and JOSEPH jointly and severally, for:

A.      The amount of unpaid overtime wages for all time worked by Plaintiff in excess of forty (40) hours in individual work weeks, totaling at least $16,744.00;

B.      An award liquidated damages in an amount equal to at least $16,744.00;

C.      A declaration that Defendants violated the FLSA;

D.      An award reasonable attorneys' fees and costs; and

E.      Any such additional or alternative relief as this Court deems just and proper.

### COUNT IV: VIOLATION OF IMWL
**(Anahi Ramirez Cerros v. Defendants)**

38.      Plaintiff incorporates by reference Paragraphs 1-10 and 27-37, as if set forth in full herein for Paragraph 38.

39.      This count arises from Defendants' violation of the IMWL, by: failing to pay Plaintiff Illinois mandated overtime wages for all hours worked in excess of 40 hours in each individual work week in violation of 820 ILCS 105/4a(1).

40.      Defendant's failure to pay Plaintiff the Illinois-mandated overtime wage rate for all hours worked in excess of forty (40) hours in an individual work week is a violation of the IMWL.

41.      Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid overtime wages for three (3) years prior to the filing of this suit, treble the amount of such underpayments, 5% for each month the underpayments remain unpaid, plus attorney's fees and costs.

42.      The amount of unpaid overtime wages owed to Plaintiff is $16,744.00.

**WHEREFORE**, Plaintiff Anahi Ramirez Cerros respectfully requests that the Court enter a judgment in their favor and against Defendants TACOS , PATRICIA, and JOSEPH jointly and severally, for:

A.  The amount of wages worked by Plaintiff for which he was not paid overtime wages, totaling at least $16,744.00;

B. Award Statutory damages for Plaintiff, including treble damages and 5% monthly interest, pursuant to the formula set forth in 820 ILCS § 105/12(a) and/or 815 ILCS § 205/2;

C. Declare that Defendants have violated the IMWL;

D. Award reasonable attorneys' fees and costs as provided by the IMWL; and/or

E. Grant such additional or alternative relief as this honorable court deems just and proper.

    Julia Carbajal Alfaro and
    Anahi Ramirez Cerros


    s/Daniel I. Schlade
    Attorney For Plaintiff

Daniel I. Schlade (ARDC No. 6273008)
James M. Dore (ARDC No. 6296265)
Attorney For Plaintiff
Justicia Laboral, LLC
6232 N. Pulaski, #300
Chicago, IL 60646
773-942-9415 x 103
Email: dschlade@justicialaboral.com
      danschlade@gmail.com


**PLAINTIFF DEMANDS TRIAL BY JURY**

# EXHIBIT A

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | Unpaid OT | FLSA Liquidated | IMWL Treble |
|---|---|---|---|---|---|---|
| 7/25/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 8/1/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 8/8/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 8/15/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 8/22/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 8/29/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 9/5/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 9/12/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 9/19/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 9/26/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 10/3/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 10/10/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 10/17/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 10/24/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 10/31/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 11/7/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 11/14/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 11/21/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 11/28/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 12/5/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 12/12/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 12/19/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| 12/26/2021 | 54 | 14 | $17.00 | $119.00 | $119.00 | $357.00 |
| | **TOTALS** | | | **$2,737.00** | **$2,737.00** | **$8,211.00** |

# EXHIBIT B

| Week | Av. Hours/Wk. | Hours Over 40 | Hrly. Wage | Unpaid OT | FLSA Liquidated | IMWL Treble |
|---|---|---|---|---|---|---|
| 3/1/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 3/8/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 3/15/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 3/22/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 3/29/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 4/5/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 4/12/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 4/19/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 4/26/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 5/3/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 5/10/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 5/17/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 5/24/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 5/31/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 6/7/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 6/14/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 6/21/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 6/28/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 7/5/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 7/12/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 7/19/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 7/26/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 8/2/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 8/9/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 8/16/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 8/23/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 8/30/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 9/6/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 9/13/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 9/20/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 9/27/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 10/4/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 10/11/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 10/18/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 10/25/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 11/1/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 11/8/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 11/15/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 11/22/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 11/29/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 12/6/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 12/13/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 12/20/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 12/27/2020 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 1/3/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 1/10/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 1/17/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 1/24/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 1/31/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 2/7/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 2/14/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 2/21/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 2/28/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 3/7/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 3/14/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 3/21/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 3/28/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 4/4/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 4/11/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 4/18/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 4/25/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 5/2/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 5/9/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 5/16/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 5/23/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 5/30/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 6/6/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 6/13/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 6/20/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 6/27/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 7/4/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 7/11/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 7/18/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 7/25/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 8/1/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 8/8/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 8/15/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 8/22/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 8/29/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |

| Date | | | | | | |
|---|---|---|---|---|---|---|
| 9/5/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 9/12/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 9/19/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 9/26/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 10/3/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 10/10/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 10/17/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 10/24/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 10/31/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 11/7/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 11/14/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 11/21/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| 11/28/2021 | 66 | 26 | $14.00 | $182.00 | $182.00 | $546.00 |
| | **TOTALS** | | | **$16,744.00** | **$16,744.00** | **$50,232.00** |